IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| ANDERSEN MANUFACTURING, INC., an Idaho Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>DIVERSI-TECH CORP.,<br>a Utah Corporation,<br>ANGELA BUDGE, and PAUL BUDGE,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.: 2:05-CV-923<br>*Consolidated with* 2:07-CV-88<br>Judge Dee Benson |

Plaintiff Andersen Manufacturing, Incorporated ("Andersen") moves the Court for a preliminary injunction preventing Diversi-Tech Corporation ("Diversi-Tech") from continuing its alleged infringement of a patent for an extruded aluminum trailer hitch. Having considered the parties' arguments and the relevant law, the Court DENIES Plaintiff's motion.

In order to merit the grant of a motion for preliminary injunction, a movant must show

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). The parties' arguments have turned largely on the first element, that is, whether Andersen has demonstrated a substantial likelihood of success on its claim that Diversi-Tech's aluminum trailer hitch infringes on Andersen's United States Patent No. 7,156,412 ("the '412 patent"). In order to demonstrate a substantial likelihood of success on the merits, Andersen must show that, in light of the presumptions and

burdens at a trial on the merits, (1) the '412 patent will likely withstand Diversi-Tech's challenges to its validity and enforceability, and (2) Andersen will likely prove that Diversi-Tech's trailer hitch infringes the '412 patent.  *Genentech, Inc. v. Novo Nordisk, A/S,* 108 F.3d 1361, 1364 (Fed. Cir. 1997).

The Court finds that Andersen has failed to show a substantial likelihood of success on the merits regarding the validity of the '412 patent because Diversi-Tech has raised substantial questions in regard to the obviousness of the apparatus claimed in the '412 patent.  The Supreme Court has recently reaffirmed the centrality of nonobviousness to a valid patent: "[f]or over a half century, the Court has held that a 'patent for a combination which only unites old elements with no change in their respective functions . . . obviously withdraws what is already known into the field of its monopoly and diminishes the resources available to skillful men.'"  *KSR Intern. Co. v. Teleflex Inc.,* 127 S.Ct. 1727, 1739 (2007) (quoting *Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp.,* 340 U.S. 147, 152 (1950).  "The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results."  *Id*.  Moreover, these familiar elements can be derived from the same field of technology or from different fields.  *Id.* at 1740.  In *KSR*, the Court counsels vigilance in the granting of patents lest every commonplace or incremental change in technology trigger patent protection so as to stifle rather than encourage innovation: "the results of ordinary innovation are not the subject of exclusive rights under the patent laws."  *Id.* at 1746.

In the instant case, the only significant novelty claimed by Andersen is the fact that the trailer hitch drop bar described in the '412 patent is made of aluminum alloy.  Both Andersen, Diversi-tech, and the patent examiner admit that drop bars are well known in the trailer hitch

industry. Moreover, in the detailed description of the '412 patent, the inventor states "the hitch component manufactured through the use of an extrusion process comprises an aircraft quality aluminum alloy." '412 Patent col.4 l.36-38 (filed Jun. 20, 2005). By Andersen's own admission in the '412 description, aluminum alloy was already known to the prior art in aircraft manufacture. Moreover, there is evidence of aluminum already being used in the trailer hitch industry as well. *See* U.S. Patent No. 6,129,371 (filed Feb. 12, 1999), U.S. Patent No. 6,464,240 (filed Oct. 23, 2000). Therefore, there is support for the proposition that both a trailer hitch drop bar and aluminum alloy are well-known elements in the prior art.

Accordingly, Andersen's motion for a preliminary injunction fails to meet the burden of step 1. Andersen has not shown a substantial likelihood of success on the merits due to significant questions as to the validity of the '412 patent. Because Andersen has failed to meet its burden regarding challenges of the '412 patent's validity, the Court finds no reason to reach the question of infringement or the other aspects of the preliminary injunction test. Andersen's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED**

DATED this 2nd day of July, 2007.

_____

Dee Benson
United States District Judge