IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| ANDERSEN MANUFACTURING, INC., an Idaho Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSITECH, CORP., a Utah Corporation, ANGELA BUDGE, an individual, and PAUL BUDGE, an individual,<br><br>Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION OF ORDER**<br><br>Case No. 2:05-CV-00923 |

On June 27, 2007, the Court heard oral argument on two of Plaintiff's motions. The first was a motion to reconsider its prior ruling in which the Court denied Plaintiff's Motion for Preliminary Injunction with regard to United States Patent No. 6,908,099 ("the '099 patent"). The second was Plaintiff's motion for preliminary injunction with regard to United States Patent No. 7,156,412 ("the '412 patent"). At the conclusion of oral argument, the Court ruled from the bench, denying Plaintiff's Motion to Reconsider its prior ruling on the '099 patent and taking under advisement Plaintiff's Motion for Preliminary Injunction with regard to the '412 patent. The Minute Order of the proceedings cursorily stated: "written order to follow oral order." Dkt. No. 80.

On July 2, 2007, the Court issued a written Memorandum Decision and Order in which it denied Plaintiff's Motion for Preliminary Injunction of the '412 patent. No mention was made in that Order of the '099 patent. On June 27, 2007, Plaintiff then filed a Notice of Appeal, appealing the July 2, 2007 Order.

Subsequently, an argument has arisen over the appropriate scope of the Court's July 2, 2007 Order. Stated differently, by appealing the Court's July 2, 2007 Order, the parties disagree as to what claims Plaintiff actually appealed. Plaintiff alleges that it understood the July 2, 2007 Order to encompass not only the Court's denial of the Preliminary Injunction of the '412 patent, but also to include the denial of the '099 patent. Therefore, Plaintiff claims that he has properly appealed both motions. Defendants respond that the July 2, 2007 Order clearly only addressed the '412 patent. Therefore, because Plaintiff's Notice of Appeal only made mention of the July 2, 2007 Order, Plaintiff's have only appealed the denial of Preliminary Injunction of the '412 patent.

Rule 58 of the Federal Rules of Civil Procedure, requires that a decision denying a motion for a preliminary injunction "be set forth on a separate document." Fed. R. Civ. P. 58(a)(1); *see also Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572, 578n.6 (10th Cir. 1975). Otherwise, the judgment will not be deemed final, and the time for taking an appeal will not run. *See* Fed. R. Civ. P. 58(b)(2); *Luginbyhl v. Corrections Corp. of Am.*, 216 Fed. Appx. 721, 722-23 (10th Cir. 2007). Although a minute entry order may satisfy the separate document requirement "if it fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act," *In re Cahn*, 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995), that is not the case here. The minute order of June 27, 2007 stated: "written order to follow oral order." Dkt. No. 80. Based on this cursory statement, the Plaintiff reasonably understood that the minute entry was not to be the Court's final act with regard to the '099 motion.

In accord, therefore, with the minute entry of June 27, 2007, the Court will enter a formal written order denying Plaintiff's Motion to Reconsider its Ruling on Plaintiff's Motion for Preliminary Injunction with regard to the '099 patent. Accordingly, Plaintiff's Motion for Clarification of Order is **GRANTED.**

**IT IS ORDERED:**

DATED this 1st day of November, 2007.

_____
Dee Benson
United States District Judge