IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT - 5 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| ANDERSON MANUFACTURING,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSI-TECH, et al.,<br><br>Defendants. | **ORDER**<br><br><br><br>Case No. 2:05-CV-923 |

Currently before the Court is the defendants' motion to dismiss for lack of prosecution. The plaintiff filed this action on November 4, 2005. Since that time, the Court has denied two motions for preliminary injunction, and the United States Court of Appeals for the Federal Circuit affirmed the denials on July 11, 2008. Practically no activity has occurred since then.

On January 30, 2009, the Court issued an order to show cause directing the plaintiff to inform the Court of its intentions to proceed. The plaintiff responded on February 17, 2009, and indicated that the parties were attempting to finalize a scheduling order for submission to the Court. According to the defendants, a mutually agreeable scheduling order was to be filed with the Court shortly thereafter. To date, the plaintiff has not submitted a proposed scheduling order to the Court.

On May 27, 2009, counsel to the plaintiff filed a motion for leave to withdraw as counsel. According to counsel, the plaintiff had directed counsel to stop working on the case. The Court

granted counsel leave to withdraw on July 13, 2009. To date, no other attorney has filed a notice of appearance on the plaintiff's behalf.

Local Rule 83-1.4(b) governs the procedure a party must follow upon the withdrawal of counsel. Upon withdrawal, "the party represented . . . must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days." DUCivR 83-1.4(b). No such notification has been received by the Court.

The plaintiff in this action has moved the Court to dismiss this case, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) explicitly states that lack of prosecution is a proper basis for dismissal. Fed. R. Civ. P. 41(b). In determining whether dismissal with prejudice is appropriate, the Court should consider five non-exhaustive factors. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007). The factors are

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* Here, the defendants argue that these factors weigh in favor of dismissal of this action with prejudice. The plaintiff has not responded to these arguments. Accordingly, for the reasons stated in the defendants' memorandum in support of their motion, the Court GRANTS the motion and DISMISSES this case with prejudice.

Dated this 5th day of October, 2009.

_____
Dee Benson
United States District Court Judge